IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IRSHAD A. AADIL,<br><br>Plaintiff,<br><br>vs.<br><br>MARK SHURTLEFF AS ATTORNEY GENERAL OF THE STATE OF UTAH,<br><br>Defendant. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF AMENDED COMPLAINT<br><br><br>Case No. 2:07cv00034 |

Before the court is defendant's motion for partial dismissal of Irshad A. Aadil's amended complaint (#7). In his amended complaint, Mr. Aadil alleges that the Attorney General violated the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. The government, in its motion to dismiss, argues that (1) Mr. Aadil's ADEA claim is barred by the Eleventh Amendment; (2) Mr. Aadil's Title VII claim is limited to acts that occurred after May 11, 2002 – a date that is 300 days prior to Mr. Aadil's filing of his EEOC Charge; and (3) the court lacks subject matter jurisdiction over Mr. Aadil's Section 1981 claim. Mr. Aadil has generally conceded the first three arguments. With respect to the 1981 claim, the court finds that Mr. Aadil's request for injunctive relief does not remove it from Eleventh

Amendment immunity because there is no ongoing violation of federal law in this case. As outlined below, the court GRANTS in part and DENIES in part the government's motion to dismiss.

## BACKGROUND

Mr. Irshad Aadil is a fifty-seven year old individual of Pakistani origin. He is a follower of *Sufism*. He graduated from the College of Law at Punjab University and has a Master's degree from the New York University School of Law. Mr. Aadil also has a Master's degree from Thunderbird Graduate School of International Management in Arizona.

In June 1980, Mr. Aadil was admitted to the Utah State Bar as the forty-seventh minority member in the history of the bar. Mr. Aadil is also admitted to the Texas State Bar, and has been admitted to practice before three different federal courts.

In 1982, Mr. Aadil applied for an attorney position with the Utah Attorney General's Office. Over the next twenty-plus years, Mr. Aadil continued to apply for numerous and various attorney positions with the Utah Attorney General's Office. Mr. Aadil was granted only a few interviews and was rejected for such positions. Although Mr. Aadil initially believed that his rejections were due to his lack of experience, he now believes that they were due to discrimination.

On March 6, 2003, Mr. Aadil filed a charge with the Equal Employment Opportunity Commission against the Utah State Attorney General. On October 25, 2006, he received a notice of right to sue from the EEOC. Mr. Aadil instituted the current civil action on January 19, 2007. On May 1, 2007, he filed an amended complaint alleging that the Attorney General violated the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act, and 42 U.S.C.

§ 1981.

## STANDARD OF REVIEW

The government has motioned the court to dismiss parts of Mr. Aadil's amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the court may exercise jurisdiction over a case only when specifically authorized to do so. This court must dismiss a cause of action if it becomes apparent that it does not have jurisdiction.[1] In its motion to dismiss, the government makes a facial attack on the amended complaint as to subject matter jurisdiction. In reviewing a facial attack, the court accepts the allegations in the complaint as true.[2]

Under Rule 12(b)(6), a party may seek dismissal of a cause of action for failure to state a claim upon which relief can be granted. When addressing a motion under Rule 12(b)(6), the court views the complaint in the light most favorable to the nonmoving party and must accept the well-pleaded allegations in the complaint as true.[3] "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling [him] to relief."[4]

## DISCUSSION

*A. Mr. Aadil stipulates to the dismissal of his ADEA claim*

Mr. Aadil, in his amended complaint, asserts a claim under the ADEA against Shurtleff in his official capacity. The government argues that in light of *Kimel v. Florida Board of Regents*,

---

[1] *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[2] *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[3] *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

[4] *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997).

the Eleventh Amendment precludes this cause of action against Shurtleff.[5]  In his response to the government's motion, Mr. Aadil concedes that his ADEA claim is not cognizable here. Accordingly, the court grants the government's motion to dismiss Mr. Aadil's ADEA claim.

> B.  Mr. Aadil's Title VII claim is limited to the alleged discriminatory actions that occurred on or after May 11, 2002

The government motions the court to limit the allegedly discriminatory acts on which Mr. Aadil can base his Title VII claim to those that occurred within 300 days of Mr. Aadil's filing of his Charge of Discrimination.  Mr. Aadil does not object to any relevant statute of limitations on this cause of action.

Under Title VII, a litigant must file a claim within three hundred days after the alleged unlawful employment practice occurred.[6]  Mr. Aadil filed a charge of discrimination with the EEOC on March 6, 2003.[7]  Accordingly, the court finds that Mr. Aadil's Title VII claim is limited to the alleged discriminatory actions that occurred on or after May 11, 2002.

Mr. Aadil does not dispute the time limit, but argues that he is entitled to use evidence of prior acts of discrimination to show bias in the defendant's hiring practice.  Inasmuch as Mr. Aadil may wish to use evidence of prior acts of alleged discrimination to show bias in the defendant's hiring practices, the court reserves judgment until a later date.

The government also motions the court to dismiss Mr. Aadil's claims under Title VII that

---

[5] 528 U.S. 62, 73-92 (2000) (holding that the ADEA did not abrogate states' Eleventh Amendment immunity from suit by private individuals).

[6] 42 U.S.C. § 2000e-5(e)(1); *Haynes v. Level 3 Commc'ns. LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006).

[7] Def.'s Mem. Supp. Mot. to Dismiss, Ex. A (Docket No. 8).

may be based on acts that occurred after he filed his EEOC charge.[8]  As support for this argument, the government cites the Seventh Circuit case *McKenzie v. Illinois Department of Transportation*.[9]  The *McKenzie* court held that the plaintiff's failure to allege retaliation in her EEOC complaint barred her from using alleged incidents of retaliation that occurred prior to her EEOC complaint as a basis for her Title VII claim.  The *McKenzie* court, however, cites a Tenth Circuit decision that is both more instructive and factually similar to the case currently before this court.

In *Brown v. Hartshorne Public School District Number1*, the Tenth Circuit addressed the district court's refusal to hear a teacher's Title VII claims regarding the 1985-86 school year because the teacher's EEOC complaint only related to the 1984-85 school year.[10]  Reversing the district court, the Tenth Circuit held that the claims regarding the 1985-86 school year were properly before the court.  Although a party must exhaust administrative remedies before filing a discrimination claim in federal court, the court noted that "when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC."[11]

---

[8] *Id.* 9, note 5.

[9] 92 F.3d 473, 481-82 (7th Cir. 1996).

[10] 864 F.2d 680 (10th Cir. 1988).

[11] *Id.* at 682 (quoting *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973).

Accordingly, discriminatory events that allegedly occurred during the pendency of Mr. Aadil's EEOC charge may properly be before the court if those events are reasonably related to the allegations in the EEOC charge. The court, therefore, denies the government's motion to dismiss Mr. Aadil's claims under Title VII that may be based on acts that occurred after he filed his EEOC charge insomuch as those events are reasonably related to the allegations in the EEOC charge. The court will determine whether post-charge events are reasonably related as it becomes a ripe issue in this case.

### C.  Mr. Aadil's § 1981 claim does not escape Shurtleff's Eleventh Amendment immunity

The remaining issue to be resolved is the government's motion to dismiss Mr. Aadil's § 1981 claim. The government asserts that Eleventh Amendment immunity bars Mr. Aadil's § 1981 claim against Shurtleff. Mr. Aadil contends that because he is seeking injunctive relief – relief he characterizes as prospective – his § 1981 claim overcomes the immunity. The court disagrees with Mr. Aadil's argument.

The United States Supreme Court has held that a plaintiff's § 1981 claim against a state officer can overcome Eleventh Amendment immunity to the extent the plaintiff seeks injunctive relief.[12] Specifically, when "determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[13]

---

[12] *Ex parte Young*, 209 U.S. 123 (1908).

[13] *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

In this case, Mr. Aadil seeks an injunction to (1) order Shurtleff to hire Mr. Aadil, (2) enjoin Shurtleff from retaliating against Mr. Aadil, and (3) enjoin the Office of the Utah Attorney General "from discriminating in its hiring and employment practices on the bases of race and/or national origin."[14] A thorough analysis of the amended complaint and these requests for relief reveals that Mr. Aadil has not alleged an ongoing violation of federal law.  Instead, Mr. Aadil's amended complaint is based upon past, discrete acts.  Although Mr. Aadil seeks an injunction that would require Shurtleff to do something in the future, none of the requested relief would end an ongoing violation of Mr. Aadil's federal rights.  Consequently, Mr. Aadil's claim does not overcome Eleventh Amendment immunity.  Additionally, the court has serious reservations about extending itself to direct an employer in the executive branch to hire an individual it has already rejected.  For all of these reasons, the court dismisses Mr. Aadil's Section 1981 claim.

## CONCLUSION

The court GRANTS in part and DENIES in part the government's motion to dismiss.  As outlined above, Mr. Aadil's ADEA claim and Section 1981 claim are dismissed, and his Title VII claim is limited to the alleged discriminatory actions that occurred on or after May 11, 2002.  Insomuch as Mr. Aadil may attempt to base his Title VII claim on alleged acts of discrimination that occurred during the pendency of his EEOC charge, the court will allow Mr. Aadil to rely on those alleged events that are reasonably related to the allegations in the EEOC charge.

SO ORDERED.

DATED this 14th day of September, 2007.

---

[14] *See* Am. Compl.11 (Docket No. 3).

BY THE COURT:

_____
Paul G. Cassell
United States District Judge