IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IRSHAD A. AADIL,<br><br>　　Plaintiff,<br><br><br><br><br>vs.<br><br><br><br>MARK SHURTLEFF AS ATTORNEY GENERAL OF THE STATE OF UTAH,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS<br><br><br><br><br><br><br>Case No. 2:07-CV-34 TS |

This matter is before the Court on Defendant's Motion to Dismiss Second Amended Complaint or, in the Alternative, for a More Definite Statement, in which Defendant seeks dismissal of Plaintiff's Complaint for (1) lack of subject matter jurisdiction, (2) failure to state a claim, and (3) lack of standing to bring a pattern-or-practice claim. The Court heard oral argument on March 11, 2008, and took the matter under advisement. As explained below, the Court will grant in part and deny in part the Motion to Dismiss.

I.  BACKGROUND

In his Complaint,[1] Plaintiff alleges that Defendant discriminated against him by failing to hire him on the basis of his race and national origin in violation of the provisions of Title VII of

---

[1] Pl.'s Second Am. Compl. (Docket No. 24-1).

1

the Civil Rights Act of 1964.[2]  Plaintiff also alleges that Defendant was involved in a pattern-or-practice of discrimination against "others who are not Caucasian Americans."[3]

The following is a summary of the allegations found in the Complaint: Plaintiff graduated from the College of Law of the Punjab University and received an LL.M. from the New York University School of Law.  He also has a "Master's degree from Thunderbird Graduate School of International Management."[4]  Plaintiff is licenced to practice law in Utah and other jurisdictions.

Beginning in 1982 and continuing to 2007, Plaintiff "applied for numerous and various attorney positions" with Defendant but was not hired.  Plaintiff applied "for many positions as advertised in 1991, 1992, 1995, 1996, 1997, 1998, 1999 and most recently in January, 2007."[5] He also applied for "at least ten positions" in the year 2000,[6] "continued applying . . . in the years 2001 and 2002,"[7] and applied for a position in 2003.  Despite his qualifications, Plaintiff was denied employment for each of the positions for which he applied.

In a rejection letter received by Plaintiff in 2000, the "Section Chief of Division of Child & Family Support" wrote the following: "Your credentials are impressive and, quite honestly, exceed our hiring criteria.  This position was an entry level position and we limited our

---

[2]42 U.S.C. § 2000e et seq.

[3]Docket No. 24-1, at ¶ 35.

[4]*Id.* at ¶ 6.

[5]*Id.* at ¶ 14.

[6]*Id.* at ¶ 18.

[7]*Id.* at ¶ 24.

candidates to within 0-5 years experience range."[8]  Additionally, a representative of Defendant told Plaintiff that "many minority attorneys are not qualified enough to match the 'other applicants'" and that "there was no objective criteria or testing for filling the positions other than an interview."[9]  On one occasion, a representative of Defendant "suggested that the Plaintiff did not believe in child support," referring to his "ethnicity and religion."[10]  Lastly, Defendant based the decision not to hire Plaintiff for a position with the Child Protection Division in 2003 on a false belief that "Plaintiff believed in a parent's rights and not in a child's rights."[11]

Plaintiff filed an employment discrimination charge against Defendant with the Utah Antidiscrimination and Labor Division (UALD) and the Equal Employment Opportunity Commission (EEOC) on March 10, 2003, checking the boxes for discrimination based on race, religion, national origin, and age and describing the discrimination as follows:

> I have applied for employment with this agency many times, and have ongoingly been rejected.  The AG's Office did not consider my education, experience, probono work, community service or volunteer work.  Instead they did consider my age, ethnicity and religion and have denied me equal opportunity over a period of years based on these factors.
>
> I believe I have been discriminated against because of my Age/over 40, Race & National Origin/Pakistan, and Religion/Muslim in violation of the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, and the Utah Antidiscrimination Act of 1965, as amended.[12]

---

[8]*Id.* at ¶ 19 (internal quotation marks omitted).

[9]*Id.* at ¶¶ 22-23.

[10]*Id.* at ¶¶ 15-16.

[11]*Id.* at ¶ 25.

[12]Docket No. 28 Ex. 1; Docket No. 27 Ex. 1.

Plaintiff filed an amended charge of discrimination with the UALD and the EEOC on April 23, 2003, checking the retaliation box in addition to the boxes checked on the March 2003 charge. The April 2003 charge restates the description of the alleged discrimination found in the March 2003 charge and adds the following regarding retaliation: "Since filing [the March 2003] complaint three positions have became [sic] available, for which I am qualified, but I have not been considered for any of them."[13]

Plaintiff filed another charge of discrimination against Defendant with both the UALD and the EEOC on March 15, 2007, checking the boxes for discrimination based on race, religion, national origin, retaliation, and age, and describing the alleged discrimination as follows:

> I have been applying for an attorney position with this employer for many years. Even though I am qualified for the position I am ongoingly being denied employment and am being denied equal opportunity. My applications have not been given due consideration. This employer has not considered my education, experience, probono work, community services or volunteer work. Instead they did consider my age, ethnicity and religion and have denied me equal opportunity over a period of years based on these factors. I also filed a discrimination complaint in 2003 for failure to hire me and I believe they are continuing to refuse me employment in retaliation for filing a previous complaint.
>
> I believe I have been discriminated against because of my age/over 40, race and national origin/Pakistan, religion/Muslim, and retaliation for filing a previous complaint in violation of the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, and the Utah Antidiscrimination Act of 1965, as amended.[14]

## II. DISCUSSION

Defendant asks the Court to dismiss all or part of the Complaint on the following bases: (1) lack of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative

---

[13] Docket No. 28 Ex. 1; Docket No. 27 Ex. 2.

[14] Docket No. 28 Ex. 1; Docket No. 27 Ex. 3.

remedies; (2) failure to state a claim for which relief can be granted; and (3) lack of standing to pursue a pattern-or-practice claim.

### A. Exhaustion

Defendant contends that Plaintiff has not exhausted administrative remedies with respect to his claims for discriminatory failure to hire because his EEOC charges do not set forth any specific instance in which Defendant failed to hire him. Plaintiff argues that his EEOC charges refer to a discoverable set of instances in which Defendant discriminated against him by failing to hire him on the basis of his race and national origin.

When considering a challenge to its subject matter jurisdiction under Rule 12(b)(1),[15] the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[16] "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[17]

"In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit."[18] Where the alleged conduct involves discrete acts, such as a refusal to hire,

---

[15] Fed. R. Civ. P. 12(b)(1).

[16] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)) (internal quotation marks omitted).

[17] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

[18] *Jones v. United Parcel Serv.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

"a Title VII plaintiff [must] exhaust administrative remedies for each individual discriminatory or retaliatory act."[19]

A Title VII plaintiff exhausts his administrative remedies for a discrete act of discrimination by filing a charge of discrimination with the EEOC that includes the act within the scope of its allegations.[20] A specific discriminatory act is within the scope of the charge's allegations where an "administrative investigation" into that act "can reasonably be expected to follow the charge of discrimination."[21] In making this determination with respect to any specific claim, the allegations in the charge are construed liberally.[22] However, as recently emphasized by the Tenth Circuit,

> [the] inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."[23]

Additionally, "Title VII requires a litigant to file a claim [with the EEOC] within 300 days of the alleged discriminatory conduct."[24] Those claims for which a charge has not been

---

[19]*Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

[20]*Jones*, 502 F.3d at 1183, 1186.

[21]*Id.* at 1186 (quoting *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)).

[22]*Id.*

[23]*Id.* (quoting *Martinez*, 347 F.3d at 1210).

[24]*Duncan v Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)).

filed within 300 days are time barred.  However, similar to statutes of limitation, the 300-day rule is not a jurisdictional requirement.[25]

In this case, Plaintiff's EEOC charges allege enough facts that the EEOC could reasonably be expected to investigate his claim that he was denied employment with Defendant on a number of discreet and discoverable occasions based on his race or national origin.  In both the March 2003 charge and the April 2003 amendment, Plaintiff claims that he "applied for employment with [Defendant] many times, and [has] ongoingly been rejected" on the basis of "Race & National Origin/Pakistan."[26]  In the March 2007 charge, Plaintiff claims that he "[had] been applying for an attorney position with [Defendant] for many years," but that he had been "ongoingly . . . denied employment and . . . equal opportunity" despite his qualifications because of his "race and national origin/Pakistan."[27]  Although these statements do not contain the specific dates and positions applied for in each instance that Plaintiff was allegedly "rejected," the EEOC would clearly have been expected to investigate each instance in which Plaintiff applied for and was denied employment within the 300-day periods directly proceeding the filing of each charge.

However, Plaintiff's claims for discriminatory failure to hire are limited to those discriminatory acts that occurred within either of the respective 300-day periods directly

---

[25]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *see also Sizova*, 282 F.3d at 1326 (explaining that the filing of an EEOC complaint is jurisdictional but the *timely* filing of an EEOC complaint is not jurisdictional).

[26]Docket No. 28 Ex. 1.

[27]*Id.*

preceding the March 2003 (May 11, 2002 – April 23, 2003[28]) and March 2007 (May 19, 2006 – March 15, 2007) charges. Any instances that happened before May 11, 2002, are barred by the 300-day rule. Any instances that happened between April 23, 2003, and May 19, 2006, were not exhausted by the filing of the March 2003 charge or its April 2003 amendment because these discreet acts happened after the filing of the April 2003 amendment.[29] To the extent that these instances were exhausted by the filing of the March 2007 charge, they are barred by the 300-day rule. Additionally, any instances occurring after March 15, 2007, are not yet exhausted. Therefore, Plaintiff's claims for discriminatory failure to hire are limited in this case to those discriminatory acts that happened either between May 11, 2002, and April 23, 2003, or between May 19, 2006, and March 15, 2007.

Notably, because analysis of the 300-day rule in this case depends on the filing dates of Plaintiff's EEOC charges—which dates are found only in the EEOC charges attached to the Parties' memoranda and not in the Complaint—the Court arrives at this determination only by applying summary judgment standards under Rule 56.[30] A motion to dismiss ordinarily "cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence."[31] However, "[t]he required notice may be actual or constructive,

---

[28]The Court decided in its September 14, 2007 Order that the 300 day period with respect to the March 2003 charge began on May 11, 2002. Docket No. 21 at 4. Additionally, the filing of the April 2003 amendment exhausts administrative remedies with respect to any discriminatory acts that happened between the filing of the March 2003 charge and the April 2003 amendment.

[29]*See Martinez*, 347 F.3d at 1210-11.

[30]Fed. R. Civ. P. 56.

[31]*David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1997).

and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice."[32]  For example, in *Lamb v. Rizzo*, the Tenth Circuit concluded that by relying on "material derived from documents outside the four corners of [the] complaint, the district court "'converted [a] motion to dismiss into a motion for summary judgment.'"[33] Although the district court did not give notice of this conversion, the Tenth Circuit found that such failure was not error because the nonmovant "failed to object to the exhibits attached to the [movant's] motion to dismiss . . . [and] filed his own exhibits in response."[34]

As both Plaintiff and Defendant have submitted copies of the EEOC charges with their briefs[35] and neither has objected to the Court's consideration thereof, the Court finds that Defendant is entitled to summary judgment with respect to Plaintiff's claims for failure to hire that occurred either prior to May 11, 2002, or between April 23, 2003, and May 19, 2006, based on the undisputed filing dates of the EEOC charges.

Therefore, the Court denies Defendant's Motion to Dismiss under Rule 12(b)(1), but grants Defendant summary judgment on Plaintiff's claims for failure to hire that occurred outside the respective 300-day periods outlined above.

---

[32]*Id.*

[33]391 F.3d 1133, 1136 (10th Cir. 2004) (quoting *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)).

[34]*Id.* at 1137 n.3.

[35]Def.'s Mem. Supp. at Exs. A, B, C (Docket No. 27); Pl.'s Mem. Opp. at Ex. 1 (Docket No. 28).

### B. Failure to State a Claim

Defendant seeks dismissal of the Complaint for failure to state a claim, arguing it does not set forth facts that would support an inference that Plaintiff was denied employment for any specific position based on race or national origin. In the alternative, Defendant asks the Court to require Plaintiff to provide a more definite statement under Rule 12(e).[36]

In considering a motion to dismiss under Rule 12(b)(6), "[a]ll well-pleaded factual allegations, as distinguished from conclusory allegations, must be taken as true" and viewed in the light most favorable to the nonmoving party.[37] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[38] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[39]

The pleading requirements for a claim of employment discrimination under Title VII adhere to this standard. Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex or national origin."[40] To state a claim for employment discrimination in violation of the provisions of Title VII, a plaintiff need not include "specific facts establishing a prima facie case of discrimination under the

---

[36] Fed. R. Civ. P. 12(e).

[37] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)).

[38] *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where the plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[39] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[40] 42 U.S.C. § 2000e-2(a)(1).

framework set forth by [the Supreme Court] in *McDonnell Douglas Corp. v. Green*."[41] Rather, the complaint "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief'" as is required for all causes of action that are not subject to heightened pleading requirements.[42]

In this case, the Court finds that Plaintiff has alleged sufficient facts to state a plausible employment discrimination claim resulting from Defendant's alleged failure to hire him based on his race and national origin. In his Complaint, Plaintiff alleges that he "is of Pakistani origin."[43] Plaintiff claims that beginning in 1982 and continuing into 2007 he applied for "numerous and various attorney positions" with Defendant.[44] Although many of the years in which Plaintiff claims he was denied employment are not within the charging periods set forth above, Plaintiff does allege that he applied for and was denied employment in 2002, 2003, January of 2007, "and [for] various attorney positions to date."[45] Plaintiff also outlines his extensive qualifications as an attorney. Plaintiff points to the following allegations in the Complaint to support his claim of discrimination: (1) that a representative of Defendant falsely "suggested that the Plaintiff did not believe in child support" based on his "ethnicity and religion";[46] (2) that Plaintiff was denied

---

[41] *Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

[42] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

[43] Docket No. 24-2, at ¶ 5.

[44] *Id.* at ¶ 11.

[45] *Id.* at ¶ 27.

[46] *Id.* at ¶¶ 15-17. The EEOC defines "national origin discrimination broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic

employment on one occasion because he was overqualified; (3) that a representative of Defendant "stated that many minority attorneys are not qualified enough to match the 'other applicants'";[47] (4) that Plaintiff was denied a position in 2003 because he supposedly "believed in a parent's rights and not in a child's rights";[48] and (5) that "Defendant has failed to set any rational standards for hiring attorneys."[49] When viewed together and in light of the alleged lengthy history of being denied employment despite qualification, the Court finds that Plaintiff has stated a claim for employment discrimination for which relief may be granted. Therefore, the Court denies Defendant's Motion to Dismiss under Rule 12(b)(6).

However, as the Complaint is extremely vague regarding the positions for which Plaintiff was denied employment and the factual circumstances of such denials, the Court agrees that Plaintiff should be required to provide a more definite statement of his Title VII claims under Rule 12(e).[50] Therefore, the Court orders Plaintiff to amend the Complaint to set forth: (1) the specific positions for which he was denied employment within the charging periods outlined

---

characteristics of a national origin group." 29 C.F.R. § 1606.1. "A 'national origin group,' often referred to as an 'ethnic group' is a group of people sharing a common language, culture, ancestry, and/or other similar social characteristics. Title VII prohibits employment discrimination against any national origin group, including larger ethnic groups, such as Hispanics and Arabs, and smaller ethnic groups, such as Kurds or Roma (Gypsies)." United States Equal Employment Opportunity Commission, Compliance Manual § 13-II (Dec. 2, 2002) available at http://www.eeoc.gov/policy/docs/national-origin.html (footnote omitted).

[47]Docket No. 24-2, at ¶ 22.

[48]*Id.* at ¶¶ 25-26.

[49]*Id.* at ¶ 30.

[50]Fed. R. Civ. P. 12(e).

above; (2) when he applied for each position; and (3) the basis for his allegation that he was denied each position for discriminatory reasons.

### C.  Pattern-or-Practice Claim

Defendant argues that Plaintiff lacks standing to bring a pattern-or-practice claim. Plaintiff asserts that the Tenth Circuit's decision in *Jones v. United Parcel Service*[51] implicitly allows his pattern-or-practice claim to proceed.[52]

A pattern-or-practice claim is "a particular kind of discrimination claim alleging an employer engaged in systematic discrimination against a protected class."[53]  "The initial inquiry in a pattern-or-practice case is whether unlawful discrimination is part of the employer's 'standard operating procedure,' whereas the focus in a case of individualized discrimination is on 'the reason(s) for the particular employment decisions at issue.'"[54]

Several Circuits have held that pattern-or-practice claims may be brought only by a class or by the EEOC and not by individual plaintiffs.[55]  For example, the Sixth Circuit recently held in *Bacon v. Honda of America Manufacturing* "that the pattern-or-practice method of proving

---

[51] 502 F.3d 1176 (10th Cir. 2007).

[52] At the March 11, 2008 hearing, Plaintiff's counsel claimed that Plaintiff is not asserting a pattern-or-practice claim.  However, the Complaint and Plaintiff's opposition memorandum read to the contrary.  Accordingly, the Court will assume for purposes of Defendant's Motion to Dismiss that the Plaintiff does allege a pattern-or-practice claim in his Complaint.

[53] *Jones*, 502 F.3d at 1187-88.

[54] *Id.* at 1188 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105-06 (10th Cir. 2001)).

[55] *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004); *Celestine v. Petroleos De Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001); *Lowry v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999).

discrimination is not available to individual plaintiffs."[56]  The court reasoned that "because [a pattern-or-practice claim] does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case."[57]

Despite Plaintiff's contentions to the contrary, the Tenth Circuit has not reached the question of whether an individual plaintiff may bring a pattern-or-practice claim for discrimination.  In *Jones*, the Tenth Circuit considered an individual plaintiff's attempt to use evidence of an employer's discriminatory policy to prove that the employer was motivated by discriminatory animus in taking an adverse employment action against him.[58]  The court found that the plaintiff was not asserting a pattern-or-practice claim, but was merely using evidence of a discriminatory policy to prove his claim for individualized discrimination.[59]  Therefore, the Court declined to decide whether an individual plaintiff may assert a pattern-or-practice claim.[60]  Notably, the court did approve of using pattern-or-practice evidence, where relevant, as circumstantial evidence of discrimination within the *McDonnell Douglas* burden-shirting framework.[61]

---

[56] *Bacon*, 370 F.3d at 575.

[57] *Id.*

[58] *Jones*, 502 F.3d at 1188.

[59] *Id.* at 1188 & n.5.

[60] *Id.* at 1188 n.5.  In so doing, the court noted "that other circuits have held that this method of proof is not available in a private, non-class suit.  *Id.* (citing *Bacon*, 370 F.3d at 575; *Lowry*, 158 F.3d at 761).

[61] *Id.* at 1188-89.

Applying the logical and persuasive authority found in other Circuits, the Court finds that Plaintiff, as an individual, is not entitled to bring a pattern-or-practice claim.  Accordingly, the Court grants Defendant's Motion to Dismiss with respect thereto.  In so doing, the Court notes that Plaintiff may potentially use relevant pattern-or-practice evidence as circumstantial evidence of discriminatory animus to prove his individual claim for employment discrimination under the *McDonnell Douglas* framework.  However, that issue is not currently before the Court, and the Court does not express an opinion as to the admissibility of any specific evidence in this case.

### III.  CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Defendant's Motion to Dismiss Second Amended Complaint or, in the Alternative, for a More Definite Statement [Docket No. 26] is GRANTED IN PART AND DENIED IN PART as outlined above.  It is further

ORDERED that pursuant to Federal Rule of Civil Procedure 12(e), Plaintiff shall amend his Complaint on or before April 30, 2008, to set forth: (1) the specific positions for which he was denied employment within the charging periods outlined above; (2) when he applied for each position; and (3) the basis for his allegation that he was denied each position for discriminatory reasons.  It is further

ORDERED that Plaintiff's Motion to Extend Scheduled Dates [Docket No. 34] is GRANTED and that the Parties shall file a proposed scheduling order within 30 days after the Defendant files a responsive pleading to Plaintiff's forthcoming amended complaint.

DATED April 1, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge